IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**QUINTON SETTLES**                                                                             **PETITIONER**
**ADC #160480**

**V.**                          **CASE NO. 4:19-CV-638-BRW-BD**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**[1]                                              **RESPONDENT**

### RECOMMENDED DISPOSITION

**I.      Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson. Either party may file written objections with the Clerk of Court if they disagree with the findings or conclusions set out in the Recommendation. To be considered, however, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If the parties do not file objections, they may be deemed to have waived the right to appeal questions of fact. And, if no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

---

[1] The Arkansas Department of Correction has been renamed the Arkansas Division of Correction. See ARK. CODE ANN. § 25-43-402(a)((5) (Supp. 2019); FED. R. CIV. P. 25(d). Accordingly, the Clerk is directed to update the docket sheet. to reflect Director Payne's correct title.

**II.     Background:**

    A.     State Procedural History

On July 25, 2011, Petitioner Quinton Settles pleaded guilty in two separate cases in Pulaski County Circuit Court: theft by receiving and driving while intoxicated (60CR-11-1125); and possession of morphine and drug paraphernalia (60CR-11-2023). The trial court sentenced Mr. Settles to 60 months' probation in each case, with the sentences to run concurrently. Arkansas Judiciary Website, http://caseinfo.arcourts.gov; *State v. Settles*, 60CR-11-1125, Plea (July 25, 2011), Judgment (August 4, 2011); *State v. Settles*, 60CR-11-2023, Plea (July 25, 2011), Judgment (August 4, 2011).

Approximately two years later, Mr. Settles pleaded guilty in both cases to violating conditions of his probation and was sentenced to 58 months' probation in each case—again, to run concurrently. *Id.*, Plea (Sept. 23, 2013), Sentencing Order (Oct. 1, 2013).

While still on probation in Pulaski County, Mr. Settles pleaded guilty in Sebastian County Circuit Court to aggravated assault and third-degree domestic battering. *Id*. *State v. Settles*, 66CR-15-92, Judgment (Feb. 10, 2015). He received a five-year suspended sentence. *Id*. But, the State filed a petition to revoke his probation in both Pulaski County cases. Mr. Settles pleaded guilty in March of 2015 to probation violations in the Pulaski County cases and, as a result, was sentenced to 60 months' imprisonment in the Arkansas Department of Correction (ADC) in each case, with the sentences to run concurrently. *Id*., Plea (March 20, 2015), Sentencing Order (April 8, 2015); (Docket entry #8-3).

Mr. Settles sought post-conviction relief in one of his 2011 Pulaski County cases (60CR-11-1125) by filing a *pro se* Rule 37 petition on December 6, 2018. The petition was denied as untimely. *Id.*, Petition (Dec. 6, 2018), Order (Jan. 3, 2019). He then filed a state habeas corpus petition; however, it was treated as a motion for reconsideration and was also denied. *Id.*, Petition (Jan. 3, 2019), Order (Jan. 22, 2019). Undeterred, Mr. Settles filed another Rule 37 petition and another state habeas petition. *Id.*, Rule 37 (March 19, 2019), Habeas (Sept. 9, 2019). The State court denied his second Rule 37 hearing as untimely. *Id.*, Order (Nov. 21, 2019).

B.   Federal Claims

In November of 2018, while incarcerated in the ADC as a result of his Pulaski County probation revocation convictions, Mr. Settles filed a *pro se* federal habeas corpus petition under 28 U.S.C. §2254. See *Settles v. Arkansas*, No. 4:19-CV-638-WRW-BD (E.D. Ark.). The petition was denied without prejudice due to Mr. Settles's failure to comply with Local Rule 5.5. *Id.*, Recommended Disposition (#7), Order (#8), Judgment (#9).

Mr. Settles filed the current petition for federal habeas relief on September 17, 2019. (#2) In this petition, he claims that his Sebastian County public defender was "deficient because she failed to object" and contended that he would not have pleaded guilty had she "represented [him] professionally." (#2 at 2)

By order of September 19, 2019, this Court notified Mr. Settles of several problems with his petition. (#3) First, his petition was directed to the Sebastian County Circuit Court rather than to the federal court; second, he requested relief based on state

3

rather than federal law; and third, he challenged his Sebastian County conviction, which resulted in a suspended sentence, rather than challenging the Pulaski County convictions, for which he was in custody.

The Court ordered Mr. Settles to file an amended petition explaining how his current custody was in violation of the United States Constitution or federal law. Mr. Settles timely filed an amended petition. (#7)

In his amended petition, Mr. Settles again asserts that he would not have pleaded guilty in Sebastian County had the public defender represented him professionally. (*Id*. at 1) Specifically, he contends that he did not commit aggravated assault, as that crime is defined in the Arkansas Criminal Code, and that he would have elected to go to trial had the public defender "done her job." (*Id*. at 2)

Additionally, Mr. Settles challenges the effectiveness of his trial counsel at his Pulaski County trial for possession of drugs. (#7 at 2-3) Notably, Mr. Settles does not challenge the adequacy of his representation or the validity of his guilty pleas from either the 2013 or 2015 probation revocations. Rather, he challenges the Pulaski County public defender's representation of him at his 2011 guilty plea for possession of contraband (case number 60CR-11-2023). He now contends that he legally possessed the morphine that he pleaded guilty to possessing illegally. (#5 at 2-3).

Respondent asserts that Mr. Settles cannot challenge his Sebastian County convictions because he is not currently in custody on those charges. He also contends that Mr. Settles has impermissibly attempted to challenge more than one judgment in this petition; that the petition is barred by the applicable statute of limitations; that relief is

4

precluded by procedural default; and finally, that the petition lacks merit, in any event.

### III.   Discussion:

    A.   Custody

A federal court can issue a writ of habeas corpus to a state prisoner, "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Mr. Settles is currently in State custody because he pleaded guilty in 2015 to violating the conditions of probation imposed after his 2011 convictions for theft by receiving and driving while intoxicated (60CR-11-1125) and possession of a controlled substance and drug paraphernalia (60CR-11-2023). He is not currently in custody for his Sebastian County aggravated assault or domestic battering convictions, because those convictions resulted in suspended sentences. In any event, therefore, this Court has no jurisdiction to consider habeas corpus relief in the Sebastian County convictions.

    B.   Multiple Judgments

Rule 2(e) of the Rules Governing §2254 cases provides that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgments or judgments of each court." Thus, the rules specifically mandate a separate action for each judgment. Even if Mr. Settles were in custody as a result of his Sebastian County convictions, therefore, habeas claims arising from those convictions would have to be raised in a separate habeas filing. The same holds true for the two separate Pulaski County cases; however, because Mr. Settles is serving concurrent sentences in the Pulaski County cases, <u>and</u> because habeas relief for both is time-barred

in any event, the Court will address the Pulaski County cases as one for purposes of this Recommendation.

### C. Statute of Limitations

On its face, the instant petition is untimely.[2] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The triggering date in this case was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Under Arkansas law, criminal defendants who enter unconditional guilty pleas have no right to a direct appeal. ARK. R. APP. P.–CRIM. 1(a). Nevertheless, for purposes of determining when the federal one-year limitations period begins to run, the judgment will be deemed final thirty days from the entry of judgment. *Camacho v. Hobbs*, 774 F.3d 931, 935 (2015), *cert. denied*, 136 S. Ct. 81 (2015); ARK. R. APP. P. –CRIM. 2(a)(1).

#### 1. Statutory Tolling

Mr. Settles entered guilty pleas in both Pulaski County cases on March 30, 2015; and the judgments were filed on April 8, 2015 (60CR-11-1125) and April 9, 2015 (60-CR11-2023), respectively. For ease of calculation—and to give Mr. Settles every benefit—the Court will use April 9 as the judgment date for both convictions for purposes of this discussion. May 9, 2015 (thirty days after the judgments were deemed

---

[2] Because Mr. Settles's claims are barred by the statute of limitations, there is no point in addressing the other arguments raised by Respondent in his response.

entered) fell on a Saturday, so the deadline rolled to the following Monday, May 11. Thus, the one-year limitation period to bring federal habeas petitions for the Pulaski County convictions began to run no later than May 12, 2015, the day after the time to file a direct appeal expired (had Mr. Settles been allowed to file a direct appeal). *Camacho*, 774 F.3d at 935. Mr. Settles had until Wednesday, May 11, 2016, therefore, to timely seek federal habeas review.

Although the § 2244(d)(2) limitation period excludes the time during which a "properly filed application" for State post-conviction review is pending, that provision does not help Mr. Settles because his Rule 37 petition was not "properly filed." He did not seek Rule 37 relief in Pulaski County case 60CR-11-1125 until December of 2018—more than seven years after the State deadline. Because his Rule 37 petition was untimely and not "properly filed," it did not pause the federal habeas clock.

There is no dispute that Mr. Settles's petition was filed outside the time allowed by the applicable statute of limitations. The petition is barred, therefore, unless Mr. Settles qualifies for equitable tolling of the statute.

  2. *Equitable Tolling*

The limitations period set out in § 2244(d)(1) is subject to equitable tolling, *Holland v. Florida*, 560 U.S. 631, 645 (2010), but to benefit from equitable tolling, Mr. Settles would have to show that he pursued his rights diligently and that, in spite of his diligence, extraordinary circumstances prevented him from filing his petition within the time allowed by statute. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, Mr. Settles does not point to any extraordinary circumstances that

7

prevented him from filing a timely federal habeas petition. He does not identify any action or circumstance attributable to the State – or to any other cause, for that matter – that prevented him from bringing a timely federal habeas corpus petition. Consequently, he is not entitled to equitable tolling.

### 3. *Actual Innocence*

Actual innocence, if proved, can serve as a gateway through which a habeas petitioner may pass, even if the statute of limitations has expired. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The *McQuiggin* Court cautioned, however, that "tenable actual-innocence gateway pleas are rare," and that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

The actual-innocence exception requires a showing of "new reliable evidence" that was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324; *Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011), *cert. denied*, 568 U.S. 838 (2012). While Mr. Settles asserts that the drugs at issue in his 2011 possession conviction were lawfully his, he does not challenge the evidence that supported the State's revocation of his probation sentence in 2015; nor does it explain his acceptance of responsibility through his guilty plea. Because Mr. Settles has not come forward with any new evidence to establish his actual innocence, he has not overcome his failure to timely file his federal habeas petition. 28 U.S.C. § 2244(d).

## IV.     **Certificate of Appealability**:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Settles has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Settles has not provided a basis for the Court to issue a certificate of appealability. Consequently, a certificate of appealability should be denied.

## V.     **Conclusion**:

Mr. Settles's petition is time barred. Accordingly, the Court recommends that both his initial and amended petitions for writ of habeas corpus (#2 and #7) be DISMISSED with prejudice. The Court further recommends that no certificate of appealability be issued. Finally, the Court recommends that Mr. Settles's pending motion for default judgment (#13) be DENIED.

DATED this 5th day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE